Good morning. May it please the court and counsel, I am Suzanne Elliott here on behalf of Ms. Galindo. I don't plan on using too much time this morning. My argument here is that this case is a case that should have the benefit of a limited remand to the district court because Ms. Galindo was sentenced prior to the remand, which made Blakely applicable to the federal sentencing guidelines. As a result, the trial judge in this case quite properly found the sentencing guidelines to be, to constrain his decision-making here. And there, although Ms. Galindo pled guilty to one count of, two counts of visa fraud and one count of money In United States v. Ameline, this Court said, we surmise that the record in very few cases will provide reliable, a reliable answer to the question of whether or not the judge would have imposed precisely the same sentence had he knew the guidelines to be discretionary and rather than mandatory, and this is one of those cases. So essentially, you're not asking us at this point to review the reasonableness of the sentence or to review the, to determine whether or not how we deal with downward departures post-Booker, but rather to remand for an Ameline remand to deal with any other issues later on. I agree. I think that the question of whether or not, whether now a, there's any such thing as a downward departure is an interesting question. I don't, I think the distinguished counsel and I were talking about this before when the United States Supreme Court engaged in excising portions of the sentencing guidelines that forgot about some other unintended consequences. And I think there's a proper case to argue, perhaps, that an unreasonable sentence is an unlawful one and one that you can appeal. But since, in this case, the primary issue is that the judge was sentencing under a, an umbrella, a structure that we now know is illegal, it should go back for that limited remand. The Court can determine whether or not it's reasonable, and maybe Ms. Galindo will come back with arguments about whether or not she can appeal that, but I don't think this is the right case for that. So based upon that, I'd ask this Court to remand this for the limited remand to determine what Judge Silley would do, freed from the constraints of the guidelines. The limited remand procedure, as I understand it, if the judge thinks he needs or she needs to do nothing, what's the situation? Can you then come back to us? Because if the judge doesn't do anything, aren't these other issues that you raise now foreclosed? They may well be. They may well be. I think the – I guess what I'm saying is from a policy viewpoint, I think the case that should come up about whether or not downward departures are appealable or not is a case that's sentenced after Booker and Fan Fan, where the Court has engaged in the appropriate advisory guidelines. That's interesting. It is a very interesting question. Anyway, your client's entitled to the amyling remand. Thank you. So it seems to me, anyway, I shouldn't prejudge it. The government's going to argue that one. Good morning, Your Honors. May it please the Court. Counsel, I really have nothing to add. I mean, we are very mindful of the Court's precedence in amyling and Moreno-Hernandez. And while we took the position in our brief that this is one of those unique cases where the Court could determine that the judge would not impose a different sentence, I don't think the Court needs to hear from me further on that point. I have a question that's really based on curiosity. Do you have any observations from the U.S. Attorney's point of view as to how these amyling remands were going? Well, Your Honor, I think it's sort of an interesting question, and one that I've been actively involved in because I'm the appellate chief in the office. I would say the vast majority of cases, the judges have chosen not to impose a different sentence, although we are certainly at the early stage of getting them back. I see. We have two defendants so far in front of one judge in a joint case where there will be a full resentencing. And I think in that instance it's fair to say, Your Honor, that they were – that was a drug case with an extremely long sentence, and I think that may have impact on the judge's decision. It's also fair to say that in that case the district court judge at the time of sentence actually did say, but for the guidelines I might have given you a different sentence. So entirely consistent. So I'm curious, since we're getting some general education now, are the district judges in these limited amyling remands, are they asking for briefing from the parties? The position that the judges seem to be taking is that in the first instance the parties are to brief whether or not a different sentence should have been imposed. They are then considering that briefing, and then based on that, deciding whether or not they would impose a different sentence. Right. If they decide not to impose a different sentence, then they don't vacate the earlier one. Exactly. There's no allocution. But if they do decide to resentence, then they vacate the sentence and everything sort of starts over, I guess. Exactly. Is there a supplemental presentence report in those cases? Not in the initial stage. That is to say, for consideration of whether or not the same sentence would be imposed, the court has been looking solely at the briefing of the parties and the record before the court at the time of the original sentence. Obviously, if the court determined that a different sentence would have been imposed, had the court known the guidelines were advisory, then the court has asked whether the parties want an updated presentence report. I don't believe that one has been ordered and the two that are coming back for resentencing. Thank you. Thank you very much. Thank you, Your Honor. All right. When the U.S. v. Galindo shall be submitted.
judges: Gould, Berzon, Schwarzer